Felix LUNA–GONZALEZ, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–74660.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 22, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

264

Felix Luna–Gonzalez, Encino, CA, pro se.

District, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, John C. Cunningham, Esquire, Don George Scroggin, Esquire, Linda S. Wendtland, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Felix Luna–Gonzalez, a native and citizen of Mexico, petitions pro se from a decision of the Board of Immigration Appeals (BIA) dismissing his motion to reopen as untimely. In the underlying decision, an Immigration Judge denied Luna–Gonzalez's application for cancellation of removal after finding that he was statutorily barred from demonstrating the requisite good moral character and had also failed to meet his burden of demonstrating that his removal to Mexico would cause exceptional and unusual hardship to his United States citizen daughter.

The BIA did not abuse its discretion by denying Luna–Gonzalez's motion to reopen as untimely because it was filed more than five months after the BIA's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within ninety days of final order of removal), and Luna–Gonzalez did not demonstrate that he was entitled to equitable tolling, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003) (deadline for filing a motion to reopen can be equitably tolled "when a petition is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence.").

Luna–Gonzalez alleges that tolling applies because he received ineffective assistance of counsel in his proceedings before the Immigration Judge (IJ). Luna–Gonzalez states that a nonattorney erroneously filed an asylum application on his behalf when he had sought only to legalize his status via a labor certification. Luna–Gonzalez subsequently withdrew his application for asylum and filed an application for cancellation of removal, which the IJ denied. Luna–Gonzalez was represented by an attorney both in his timely appeal to the BIA and in his untimely motion to reopen.

Although Luna–Gonzalez alleged ineffective assistance of noncounsel before the IJ, he has failed to allege that his later counsel's ineffectiveness prevented from filing a timely motion to reopen with the BIA. *See Id.* Moreover, as the BIA noted in denying the motion to reopen, although Luna–Gonzalez expressed a desire to legalize his status via a labor certification, there was no indication that he was the beneficiary of any approved visa petition, nor that he was eligible for any relief from removal. *See Young Sun Shin v. Mukasey*, 519 F.3d 901, 907 (9th Cir.2008) (noting a motion to reopen must be supported by affidavits or other evidentiary materials demonstrating prima facie eligibility for the relief sought).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.